## Baker's Detective License.

*Detectives — License — Discretion of court as to appointment — Act of May 23, 1887.*

1. Under the Act of May 23, 1887, P. L. 173, the power conferred upon the courts to grant a detective license is discretionary in its nature, and necessity for the appointment must always be shown.

2. Private detectives are not appointed to take the place of or to supplement the police department of cities and boroughs.

3. The function of a private detective is to make investigations for hire and reward.

4. The grant of a detective license will not be made to a person who is not shown to have any experience as a detective and who states that he merely intends to look into cases of people who have disobeyed the law.

Baker's Detective License.

Petition of Harry P. Baker for license to conduct a private detective agency. Q. S. Schuylkill Co.

BERGER, J., Feb. 22, 1926.—This is an application for a detective license under the Act of May 23, 1887, P. L. 173, which provides, *inter alia*, that no such license shall be granted until satisfactory proof of the competency and integrity of the applicant shall have been made to the court by the petition for appointment or otherwise. The weight of authority is that the power of appointment is discretionary in its nature, and that necessity for appointment ought always to be shown: Dickerson's Petition, 13 Dist. R. 32; Richey's Petition, 13 Dist. R. 400; Fierro's Application, 14 Dist. R. 662; Bartolemeo's Application, 22 Dist. R. 502; Shelley's Petition, 1 D. & C. 552; Scholl's Detective License, 6 D. & C. 603, 604. An applicant ought to furnish affirmative and convincing proof (aside from the judge's personal knowledge of his good character) that he is experienced in the essential details of the business of a detective, with the requisite knowledge and ability to perform his duties properly: Smith's Petition, 5 Dist. R. 465, 467. In Miller's Detective License, 17 Dist. R. 259, 261, Wiltbank, J., described a detective and defined his duties thus: "A detective is one whose business it is to detect criminals, or discover matters of secrecy and pernicious import, for the protection of the public. He is authorized in cases of crime to serve warrants, but he has no more authority to arrest a party on view than any private individual has, and if he so does, he stands liable to the same pains and penalties as does a private individual."

The only testimony bearing on the experience of the petitioner was elicited in answer to questions by the judge hearing the applicant, as follows:

"By the Court: Q. In view of this peculiar situation, just state upon the record how you propose to carry on your business, and where you propose to carry it on? A. How is that? The Court: Read the question. (Question read.) A. I am going to open an office in Schuylkill Haven and carry it on at Schuylkill Haven. Q. What line of detective work do you propose to engage in, and what experience have you had in that kind of work? A. Well, the experience I have had has not been a great deal, but I have read a good bit along those lines, and while the town hasn't any officer, I expect to follow it up practically in Schuylkill Haven. Q. And along what lines, please? A. Well, to look into cases of people who have disobeyed the law."

The only witness called to prove the necessity for a licensed detective in Schuylkill Haven, the home of the petitioner, ascribed the need for one to the inadequacy and inefficiency of the police force in that borough. Private detectives are not appointed to take the place of or to supplement the police department of cities or boroughs. The function of private detectives is well stated by Cummins, J., in Tressell's Application, 6 D. & C. 365, 366, as follows: "The function of such appointee, as disclosed by the act, is to make investigations for hire or reward. It is not the purpose of the act that such appointee shall take the place of, and perform the functions of, a constable or police officer, but that his services shall be of a private nature. For this reason, he is permitted and expected to receive compensation from those who employ him, while for a public officer to do so would constitute extortion."

This application for a detective license is, therefore, refused upon the evidence now before us, with leave to the petitioner, however, to present additional testimony in support of his petition, should he so desire.

From M. M. Burke, Shenandoah, Pa.